IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAD SCOTT and<br>MALINDA CLEMENTS,<br><br>Plaintiffs,<br><br>v.<br><br>JOE RIZZA FORD, INC.,<br><br>Defendant. | 07 C 87<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Chad Scott and Malinda Clements have sued defendant Joe Rizza Ford, Inc. for its alleged violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, the Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 Ill. Comp. Stat. § 505/2, and for common law fraud. Defendants move to compel arbitration and stay the case pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, and the Illinois Uniform Arbitration Act, 710 Ill. Comp. Stat. 5/2. For the reasons provided, the Court grants in part and denies in part the motions.

### Facts

Defendant Joe Rizza Ford, Inc. operates a motor vehicle dealership in North Riverside, Illinois. (Compl. ¶ 3.) Plaintiff Chad Scott contacted defendant's dealership to purchase an automobile. (*Id.* ¶ 7.) A Joe Rizza Ford salesman showed Scott a 2002 Lincoln LS car, and Scott subsequently agreed to purchase it. (*Id.* ¶¶ 8-13.) Scott agreed to trade in his old car, pay a $3,000.00 down payment and finance the balance of $26,000.00. (*Id.* ¶¶ 14-15.) Defendant told Scott that he did not qualify for financing. (*Id.* ¶ 17.) Scott resolved the credit problem by

purchasing the car with his grandmother, Malinda Clements, as a co-signer. (*Id.* ¶¶ 18-19.)

After the purchase, Scott discovered markings on the window indicating serious collision damage and contacted the dealership. (*Id.* ¶¶ 20-38.) Defendant ignored Scott's complaints. (*Id.* ¶ 35.) Scott has alleged that defendant is liable under the ECOA because it failed to provide a written statement as to the reasons of denial of financing. (*Id.* ¶¶ 39-43.) Scott and Clements allege defendant's conduct constitutes common law fraud as well as a violation of the Consumer Fraud Act. (*Id.* ¶¶ 44-64.) Defendant now moves to compel Scott to arbitrate his claims and to stay the case in its entirety pending the outcome of arbitration.

## Discussion

Joe Rizza Ford has moved to compel Scott to arbitrate his claims and to stay the case pending the outcome of arbitration pursuant to the Federal Arbitration Act and the Illinois Uniform Arbitration Act. "[B]oth the Federal Arbitration Act . . . and the Uniform Arbitration Act . . . are based on the New York arbitration statute and . . . courts interpreting state arbitration statutes patterned after the Uniform Arbitration Act look for guidance to federal court decisions interpreting similar provision[s] of the Federal Arbitration Act." *Wood v. Systemhouse, Inc.*, No. 90 C 3433, 1991 WL 128075, at *1 (N.D. Ill. July 9, 1991) (quotation omitted). "The language of both the FAA and the Illinois statute is quite similar." *Id.*[1] Thus, when considering a motion

---

[1] The FAA provides:

A written provision in any maritime transaction or contract evidencing a transacting involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The Illinois Uniform Arbitration Act provides:

2

to compel arbitration, the analysis under the Illinois Uniform Arbitration Act is virtually the same as under the Federal Arbitration Act. *Gillispie v. Vill. of Franklin Park*, 405 F. Supp. 2d 904, 909 (N.D. Ill. 2005). "To compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006) (Federal Arbitration Act); *see, e.g., Notaro v. Nor-Evan Corp.*, 456 N.E.2d 93, 95-97 (Ill. 1983) (Illinois Uniform Arbitration Act).

Scott signed an Arbitration Agreement with Joe Rizza Ford that provides: "This Arbitration Agreement shall apply to any dispute, issue, controversy or claim arising from any events which occurred prior to, on or subsequent to the execution of this Arbitration Agreement. A 'dispute' includes any controversy or claim arising from or relating to the vehicle you have purchased or leased . . . ." (Def.'s Mot. Compel Arbitration, Ex. 2, Arbitration Agreement.) Scott's claims in this lawsuit, *i.e.*, that defendant is liable under the ECOA because it failed to provide a written statement as to the reasons of denial of financing and that its conduct regarding the sale of the car constitutes fraud, clearly fall within the broad scope of the Arbitration Agreement because the claims arose from or relate to the car he purchased from defendant.

Scott argues that the Arbitration Agreement is invalid because it is undated, but he fails to provide any legal precedent to support his argument. Thus, he has waived the argument. Even if he had not waived the issue, the fact that the Arbitration Agreement is undated does not

---

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist for revocation of any contract . . . .

710 Ill. Comp. Stat. 5/1.

render it invalid. *See St. Francis Med. Ctr. v. Vernon*, 576 N.E.2d 1230, 1231 (Ill. App. Ct. 1991) ("A written agreement is valid, although undated.") Thus, pursuant to the Arbitration Agreement, Scott must arbitrate his claims that arose from or relate to the car he purchased.

Scott also argues that he should not be compelled to arbitrate his claims because it might lead to conflicting results. Malinda Clements, the co-signer of the purchase agreement, did not sign the Arbitration Agreement, and thus, she cannot be compelled to arbitrate her claims.[2]

However, when "the dispute involves multiple parties, some of which are not subject to binding arbitration, [it] does not [mean] . . . that the arbitration provision should be ignored." *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, P.C.*, 613 N.E.2d 331, 335 (Ill. App. Ct. 1993). "If the agreement to arbitrate is valid the court has no further power or discretion to address the issues raised in the complaint but must order arbitration . . . ." *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978). The bottom line is that Scott must arbitrate, even if Clements does not.

The issue then becomes whether the Court should stay Clements' nonarbitrable claims as well as Scott's arbitrable ones. "Enforcement of agreements to arbitrate under the Federal Arbitration Act may require piecemeal litigation, and the decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket." *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007) (quotation and citations omitted).

The Court does not want Clements' cause of action to linger on this Court's docket

---

[2] Defendant raised the issue whether Clements fails to state a claim upon which relief may be granted for the first time in its reply brief. Issues raised for the first time in a reply brief are deemed waived. *Hess v. Reg-Ellen Mach. Tool Corp.*, 423 F.3d 653, 665 (7th Cir. 2005). Accordingly, the Court does not address the issue.

4

'becoming stale during what could prove to be protracted arbitration proceedings. Accordingly, the Court, in its discretion to control its docket, denies the motion to stay the litigation of Clements' claims.

Accordingly, the Court grants Joe Rizza Ford's motion to compel arbitration as to Scott and stays the case as to Scott's claims. However, the Court denies defendant's motion to stay the case as to Clements' claims, and she will litigate here.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part Joe Rizza Ford's motion to compel arbitration and to stay this case [doc. nos. 12-1, 12-2]. The Court grants defendant's motion to compel Scott to arbitrate all of his claims and stays the case only as to his claims. Scott shall notify the Court within ten days of the final decision of the arbitrator. The Court denies defendant's motion to stay the case as to Clements' nonarbitrable claims.

**SO ORDERED**  ENTERED: 7/30/07

**HON. RONALD A. GUZMAN**
**United States Judge**